**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHELSEA J. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_CJCChambers@mdd.uscourts.gov
(410) 962-4560

March 17, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:    *Heath Dawson v. Frank Bisignano,*[1] *Commissioner, Social Security Administration*
       Civil No. CJC-25-0959

Dear Counsel:

Plaintiff/Claimant Heath Dawson petitions this Court for review of the Commissioner of the Social Security Administration's (the "Commissioner") final decision involving his claim for supplemental security income ("SSI"). ECF No. 1. The Court has considered the record and the parties' briefs. ECF Nos. 8, 11, 18. No hearing is necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, the Court reverses and remands the Commissioner's decision to the Social Security Administration.

## I.    PROCEDURAL BACKGROUND

Dawson filed an application for SSI under Title XVI of the Social Security Act on June 5, 2021, alleging disabilities that began on June 4, 2021. R. 82. Dawson's SSI claim was denied initially and on reconsideration. R. 97–100, 107–09. An Administrative Law Judge ("ALJ") held a hearing regarding Dawson's SSI claim on November 27, 2023. R. 41–80. Following the hearing, on February 20, 2024, the ALJ determined that Dawson was not disabled during the relevant time frame. R. 20–33. Thereafter, Fraser requested that the Social Security Appeals Council review the ALJ's decision. R. 195. On February 5, 2025, the Appeals Council denied the request for review, rendering the ALJ's decision the final, reviewable decision of the Social Security Administration. R. 1–5. Dawson then timely petitioned for judicial review in this Court on March 24, 2025. ECF No. 1.

---

[1] The Acting Commissioner of the Social Security Administration has changed during the life of this case, but this only affects the caption. Dawson filed this case against Leland Dudek on March 24, 2025, when Mr. Dudek was Acting Commissioner of the Social Security Administration. Frank Bisignano became Acting Commissioner on May 7, 2025. Pursuant to the Federal Rules of Civil Procedure and federal law, Commissioner Bisignano has been automatically substituted as the Defendant. Fed. R. Civ. P. 25(d); 42 U.S.C. 405(g).

## II.        THE ALJ'S DECISION

A claimant is legally disabled under the Social Security Act if they are unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a). The ALJ must conduct a five-step sequential evaluation to determine if a claimant is disabled. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "For the first four steps, the burden lies with the claimant; at step five, it shifts to the Commissioner." *Thomas v. Berryhill*, 916 F.3d 307, 310 (4th Cir. 2019), *as amended* (Feb. 22, 2019). The ALJ reviews whether the claimant "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [the claimant's] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock*, 667 F.3d at 472 (citing 20 C.F.R. § 416.920(a)(4)). Prior to steps four and five, the ALJ must determine a claimant's Residual Functional Capacity ("RFC"), which is the most work a claimant can do despite their physical and mental limitations. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 254 (4th Cir. 2017).

The ALJ here conducted the sequential evaluation as follows. At step one, the ALJ determined that Dawson "ha[d] not engaged in substantial gainful activity since June 5, 2021, the application date." R. 22. At step two, the ALJ found that Dawson had the following severe impairments: "degenerative joint disease … and degenerative disc disease … of the lumbar spine; residuals of a left shoulder labral tear; asthma; residuals of COVID-19 infections; specific antibody deficiency syndrome; allergic rhinitis; chronic sinusitis; hearing loss; tinnitus; and obesity." R. 22.[2] At step three, the ALJ concluded that Dawson did "not have an impairment or combination of impairments that [met] or medically [equaled] the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." R. 23. The ALJ further determined that Dawson had the residual functional capacity ("RFC") to

> perform sedentary work[3] … except with the following limitations: a sit/stand option allowing for a change of position for 1-2 minutes every 30 minutes; no crawling or climbing of ladders, ropes or scaffolds and no more than occasional stooping, as each of those terms are [defined] in the DOT/SCO; no more than occasional overhead reaching with the left dominant upper extremity; no exposure to weather and no more than occasional exposure to non-weather temperature extremes of heat or cold, to wetness and non-weather humidity, to vibration, or to atmospheric conditions, as each of those terms are defined in the DOT/SCO; no contact with the public; and no loud work environments as that is defined in the DOT/SCO.

---

[2] Dawson also had the non-severe impairments of gastroesophageal reflux disorder, anal fissure and hemorrhoid surgery, and De Quervain's tenosynovitis. R. 22–23.

[3] Sedentary work "involves lifting no more than 10 pounds at a time," requires occasional walking and standing, and "implies a capacity to sit for at least 6 hours in an 8-hour day[.]" 20 C.F.R. § 416.967(a); *Delores D. v. O'Malley*, Civil Action No. CDA-23-1170, 2024 WL 1966421, at *3 (D. Md. May 3, 2024) (quoting *Wilson v. Heckler*, 743 F.2d 218, 221 (4th Cir. 1984)).

R. 25.

At step four, the ALJ determined that Dawson was unable to perform any past relevant work. R. 31. And at step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Dawson could have performed. R. 31. As a result, the ALJ concluded that Dawson was not disabled. R. 33.

## III.    STANDARD OF REVIEW

The Court will affirm the ALJ's decision if the ALJ's factual findings are "supported by substantial evidence and were reached through application of the correct legal standard." *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 353 (4th Cir. 2023) (citation omitted); 42 U.S.C. § 405(g). An ALJ's decision satisfies the substantial evidence standard if it contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). In conducting this review, the Court determines "not just 'whether the ALJ examined all relevant evidence' but also whether the ALJ 'offered a sufficient rationale in crediting certain evidence and discrediting other evidence.'" *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 605 (4th Cir. 2025) (citation omitted).

## IV.    DISCUSSION

Dawson raises two general arguments on review. First, Dawson argues that the ALJ erroneously assessed his RFC. ECF No. 11 at 10–16. In particular, Dawson contends that the ALJ failed to provide a narrative discussion of Dawson's functional limitations, failed to evaluate Dawson's ability to sit, stand, walk, and lift, and failed to explain why Dawson was limited to a sit/stand limitation allowing a position change for 1-2 minutes every 30 minutes. ECF No. 11 at 12–15. Dawson's second general argument is that the ALJ erroneously assessed his subjective complaints. ECF No. 11 at 3–10. Because the Court finds that the ALJ failed to justify Dawson's sit/stand limitation in the RFC, remand on this ground is appropriate. Accordingly, Dawson's other arguments need not be addressed.

A claimant's RFC is defined as the most work that a claimant can perform despite the claimant's limitations. *Brown*, 873 F.3d at 254. To assess a claimant's RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas*, 916 F.3d at 311 (citation omitted). Among the functions an ALJ must assess are the abilities to sit and stand. 20 C.F.R. § 416.945(b). "[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas*, 916 F.3d at 311.

Dawson argues that the ALJ failed to explain her reasoning for the conclusion that Dawson is limited to "a sit/stand option allowing for a change of position for 1-2 minutes every 30 minutes." R. 25. Dawson argues that the ALJ's analysis lacks the "logical bridge" connecting her conclusion to the evidence. The Court agrees.

3

The ALJ's explanation for Dawson's required position changes is inadequate because the ALJ does not explain the rationale for her conclusion that Dawson required the opportunity to change positions for up to two minutes each half-hour. In her analysis, the ALJ merely discounted Dawson's testimony that he could sit for only five minutes and stated that the sit/stand limitation was consistent with the record. *See* R. 30–31. While this assessment might explain why *a* sit/stand limitation is necessary, it does not explain why the *specific time intervals* of the position changes are appropriate. This omission is significant.

This Court has previously remanded decisions that were similarly devoid of explanations regarding a claimant's required position changes and physical adjustments. In *Stephanie E. v. O'Malley*, the ALJ concluded that the plaintiff was required to adjust her position every forty-five minutes to accommodate the plaintiff's pain and limitations. Civil Action No. CDA-23-0343, 2024 WL 622105, at *4 (D. Md. Feb. 14, 2024). However, "the ALJ did not explain, either through reliance on medical opinions or other evidence, *how* adjusting positions every forty-five minutes …. 'rather than any other interval of time' was warranted based on the evidence of record." *Id.* at *4 (emphasis in original) (quoting *Ronald J. v. Kijakazi*, Civil Action No. GLS-21-1845, 2022 WL 3134446, at *4 (D. Md. Aug. 5, 2022)). *Accord Candace W. v. Kijakazi*, Civil Action No. TJS-20-3344, 2022 WL 521967, at *2–3 (D. Md. Feb. 22, 2022) (remanding ALJ's decision for failure to explain how the ALJ reached the plaintiff's sit/stand requirement at 25-minute intervals); *Ronald J.*, 2022 WL 3134446, at *3–4 (remanding ALJ's decision for failure to explain the basis for the plaintiff's forty-five minute adjustment limitation).

Remand is likewise appropriate here because "inadequacies in the ALJ's analysis frustrate [the Court's] review" to determine whether the ALJ's decision is supported by substantial evidence. *Candace W.*, 2022 WL 521967, at *3. On remand, the ALJ must explain how the medical evidence supports Dawson's need for position changes at the specific time intervals imposed. The ALJ is welcome to consider Dawson's other arguments and make any required adjustments to the ALJ's opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Dawson is not entitled to benefits is correct.

## V.    CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the Social Security Administration's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Chelsea J. Crawford
United States Magistrate Judge